UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DURA OPERATING CORP.,

        Plaintiff,

v.

MAGNA INTERNATIONAL, et. al.,

        Defendants.
        _____/

Case No. 2:10-cv-11566

Honorable SEAN F. COX

### OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO ADD DEFENDANTS AND CHANGE THE CASE CAPTION (Dkt. No. 40)

**I.  INTRODUCTION**

This is a patent infringement case by Plaintiff Dura Operating Corporation ("Dura") against Defendant Magna International, Inc. et al. ("Magna").

Currently before the Court is Plaintiff's Motion to Add Defendants and Change the Case Caption. (Dkt. No. 40.)  In this motion, Dura seeks to add four additional related Magna corporate entities to this case as defendants, specifically (1) Magna Exteriors and Interiors Corp., (2) Magna Exteriors and Interiors of America, Inc., (3) Magna Exteriors and Interiors USA, Inc., and (4) Magna Exteriors and Interiors America Holdings, Inc. (collectively "Magna Exteriors and Interiors").  Dura states that these additional corporate entities need to be added to the lawsuit due to a corporate reorganization within the Magna family of companies.

The parties have fully briefed the issues, and the Court declines to hold oral argument pursuant to Local Rule 7.1(f)(2).  For the reasons stated below, the Court **GRANTS** Dura's motion to add the additional Magna Exterior and Interiors entities as defendants and change the

case caption. Dura shall file an amended Complaint within 10 days which shall set forth well pleaded facts establishing a plausible right to recovery against the Magna Exterior and Interior entities.

## II. FACTUAL BACKGROUND

Dura's Complaint alleges that Magna has infringed four U.S. patents owned by Dura. (Dkt. No. 4.) Dura named four related Magna corporate entities as defendants in its original Complaint: Magna International, Inc., Decoma International Corp., Decoma International of America, Inc., and Magna Mirrors of America, Inc. (*Id*.)

According to this Court's Scheduling Order, the deadline to serve discovery in this case was March 22, 2011. The deadline to add parties to this case was January 14, 2011.

On or about January 14, 2011, Dura filed the motion at bar, Plaintiff's Motion to Add Defendants and Change the Case Caption. In its motion, Dura seeks to add four additional related Magna entities to the lawsuit: Magna Exteriors and Interiors Corp., Magna Exteriors and Interiors of America, Inc., Magna Exteriors and Interiors USA, Inc., and Magna Exteriors and Interiors America Holdings, Inc. (collectively "Magna Exteriors and Interiors"). Dura filed its motion by the deadline set in this Court's Scheduling Order to add parties.

In its motion, Dura alleges that Magna has gone through a corporate reorganization in which the business divisions principally responsible for the allegations in the Complaint have been assigned to the Magna Exterior and Interior entities. (Dura Br. at p. 4, Dkt. No. 40.) Dura alleges that it has discovered that these business divisions, called the "Engineered Glass Divisions," were transferred from Magna Donnelly to a "Decoma" corporate entity in March 2007. (*Id*. at p. 5 citing Lomasney dep. at p. 20 ll. 15-21.) While Magna's Rule 30(b)(6)

corporate representative was not sure of the exact "Decoma" corporate entity to receive the Engineered Glass Divisions, Dura argues that the circumstances implicate Decoma International Corp. and Decoma International of America, Inc. based on corroborating facts. (Dura Br. at p. 5, Dkt. No. 40.) Dura alleges that a reorganization of Decoma resulted in those business divisions being further transferred into various corporate entities referred to collectively as Magna Exteriors and Interiors. (*Id*.) In support of its argument, Dura points to the deposition testimony of another Magna business executive who has been involved in the manufacture and sale of the allegedly infringing products, specifically the following statement: "People still will use the Decoma name sometimes interchangeably, but our official name is 'Magna Exteriors and Interiors for the group I'm in.'" (Bitsakakis dep. at p. 9-10 ll. 24-2, Ex. B to Dura Br.)

As a separate theory of liability, Dura alleges that the Magna Exterior and Interior entities are proper defendants because they are liable as the successor to Magna Donnelly Corporation under the "mere continuation" doctrine. (Dura Br. at p. 7, Dkt. No. 40.)

In its response brief, Magna argues that Dura's allegations were not supported by the depositions that took place at the time the motion was filed. Magna also submitted a vague declaration from senior in-house counsel for Magna Mirrors of America, Inc. Joanne Horibe. (Ex. A to Dura Br., Dkt. No. 40.) Ms. Horibe's declaration states in relevant part:

> 3. The corporate name history of Magna Mirrors of America, Inc. is attached as Exhibit 1. Magna Donnelly and Donnelly Corporation are former corporate names of Magna Mirrors of America, Inc.
>
> 4. Effective March 14, 2007, the Engineered Glass divisions (including Holland Windows North, Holland Windows South and Magna

           Donnelly EuroGlas Systems, S.a.r.l.) of Magna Donnelly Corporation were "operationally incorporated" into the Trim Group of Decoma International Corp. (Now Magna Exteriors and Interiors Corp.). No changes in legal ownership occurred as part of this management reorganization.

5.       Magna originally acquired Donnelly Corporation on October 1, 2002. There have been no asset transfers made by that company since that date.

Paragraph 4 of the Ms. Horibe's declaration supports Dura's position that the Engineered Glass Divisions allegedly performing acts of patent infringement have been at least "operationally incorporated" within Magna Exterior and Interiors Corp. Ms. Horibe does not explain what "operationally incorporated" means.

## V.   ANALYSIS

Dura seeks to add additional related Magna corporate entities to this case as defendants. As authority to add additional defendants to this case, Dura directs the Court to Rule 20(a)(2) of the Federal Rules of Civil Procedure. Rule 20(a)(2) states:

> **(2) *Defendants.*** Persons--as well as a vessel, cargo, or other property subject to admiralty process in rem--may be joined in one action as defendants if:
>
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

While Rule 20(a)(2) sets forth the standard for whether a plaintiff may join multiple defendants in one federal lawsuit, Rules 15 and 21 set forth the standard for allowing a party to amend its pleadings to add or remove parties to an ongoing lawsuit.[1]  Rule 21 states:

> **Rule 21. Misjoinder and Nonjoinder of Parties**
>
> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21.  Rule 15(a)(2) states in pertinent part:

> **Rule 15. Amended and Supplemental Pleadings**
>
> **(a) Amendments Before Trial.**
>
> \*          \*          \*
>
> **(2)** *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(2).  Local Rule 15.1 sets forth additional requirements for any motion seeking to amend a pleading.   It states:

> **LR 15.1 Form of a Motion to Amend and Its Supporting Documentation**
>
> A party who moves to amend a pleading shall attach the proposed amended pleading to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference. Failure to comply with this Rule is not grounds for denial of the motion.

---

[1] The Sixth "Circuit has not determined whether Rule 21 or Rule 15 controls the amendment of a pleading where the amendment seeks to add parties to the action."  *Broyles v. Correctional Med. Servs., Inc.*, 2009 WL 3154241, \*3 (6th Cir. 2009).   However, at this stage of this case, "the standards for adding parties are the same under both Rule 15 and Rule 21, because the plaintiff is required to obtain leave of court under both Rules."   Moore's Fed. Practice, § 115.16[1] (3d ed. 2011).

5

Dura did not cite or analyze either Rule 15 or Rule 21 in its motion and supporting briefs. Dura also did not attach a proposed amended complaint to its motion as required by Local Rule 15.1.

Rule 15(a)(2) states that "the court should freely give leave [to amend the complaint] when justice so requires." Rules 15 and 21 have been consistently interpreted to favor granting leave to amend. The Supreme Court has declared that Rule 15's "mandate [of liberally allowing amendments] is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Specifically, the Supreme Court held:

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires', this mandate is to be heeded. . . In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant of denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

According to the Supreme Court, a district court should freely grant leave to amend a pleading unless there is an apparent or declared reason such as undue delay, bad faith, repeated failure to cure deficiencies previously allowed, undue prejudice to the opposing party, or futility of the amendment. *Id.*; *Perkins v. American Elec. Power Fuel Supply, Inc*., 246 F.3d 593, 605 (6th Cir. 2001). The "thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). "The decision as to whether justice requires the amendment is committed to the district court's sound discretion. Abuse of discretion occurs when a district court fails to state

the basis for its denial or fails to consider the competing interests of the parties and likelihood of prejudice to the opponent." *Id*. (citations omitted).

Where the scheduling order sets a deadline for adding parties, the scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In this case, the Court's Scheduling Order set January 14, 2011 as the deadline for adding parties. (Scheduling Order, at p. 3, Dkt. No. 24.) Dura filed the present motion on January 14, 2011. Because Dura timely filed its motion by the deadline set in the Court's Scheduling Order, the Court will consider Dura's motion under the more liberal standard of Rules 15 and 21, not the "good cause" standard of Rule 16(b).

In *Moore v. City of Paducah*, 790 F.2d 557, 559-562 (6th Cir. 1986), the Sixth Circuit held that in order to deny leave to amend, the district court must find both undue delay by the party seeking the amendment and a substantial prejudice to the non-movant if leave is granted. The Sixth Circuit stated: "Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading." *Id*. at 561.

After considering the facts before the Court, the Court finds that it is in the interest of justice to grant Dura leave to file an amended Complaint to include the additional Magna Exterior and Interior entities as defendants in this case. As mentioned above, in *Moore v. City of Paducah*, 790 F.2d 557, 559-562 (6th Cir. 1986), the Sixth Circuit held that in order to deny leave to amend, the district court must find both undue delay by the party seeking the amendment and a substantial prejudice to the non-movant if leave is granted. The Court does not find Dura's delay in this case to be substantial or undue. In fact, Dura filed its motion by

the deadline set by this Court in the Scheduling Order to add parties. The Court also does not find that Dura is seeking to add the Magna Exterior and Interior entities in bad faith or to harass Magna. It appears to the Court that Dura is seeking to add the additional Magna Exterior and Interior entities simply to make sure that it has named all the entities performing the alleged acts of infringement or that are financially responsible. The Court notes that judicial economy favors making sure that all proper defendants are added to this case.

The Court finds that Magna would not be unduly prejudiced if the Magna Exterior and Interior entities are added as defendants to this case. For example, Magna does not claim, nor does the Court believe from the circumstances that adding the Magna Exterior and Interior entities to this case would result in any substantial delay in this case. The same attorneys that are already representing the four currently named Magna entities would presumably represent the additional four Magna Exterior and Interior entities sought to be added in this case. The Court also notes that discovery is still on-going between the parties and that any evidence showing which corporate entity, if any, is committing acts of infringement is in Magna's possession or control.[2] From the allegations and evidence submitted, the Court finds that Magna would not be unduly prejudiced if the additional Magna Exterior and Interior entities are added to this case.

In its response brief, Magna argues that "Dura literally seeks to add various companies as Defendants despite the fact that they are not alleged to have done any wrong. . . ." (Maga Resp. Br. at p. 1.) Although Dura did not attach a proposed amended complaint as required by Local

---

[2] This was motion was filed well before the close of discovery and, although the deadline for serving discovery has closed, it is the Court's understanding that the parties are still taking depositions and producing documents.

Rule 15.1, Dura does allege in its motion that the business divisions principally responsible for the allegations in the Complaint have been assigned to Magna Exteriors and Interiors. (*See, e.g.*, Dura Br. at p. 4, Dkt. No. 40.) These allegations appear to be supported by the deposition testimony of Magna's business executive Christopher Bitsakakis, who testified that "People still will use the Decoma name sometimes interchangeably, but our official name is 'Magna Exteriors and Interiors' for the group I'm in." (Bisakakis dep. at p. 9-10 ll. 24-2, Ex. B to Dkt. No. 40.) Dura's allegations also appear to be supported by the declaration of Magna's in-house counsel Joanne Horibe, who testified in her declaration that the Engineered Glass Divisions were "operationally incorporated" into "Magna Exteriors and Interiors Corp." Thus, Ms. Horibe's testimony supports the allegation that the entities performing the allegedly bad acts, the Engineered Glass Divisions, are now controlled by Magna Exterior and Interiors. The Court finds that, although Dura has not submitted a proposed amended Complaint as required by Local Rule 15.1, it is clear that Dura is alleging that the Magna Exterior and Interior entities played a significant role in the infringement of Dura's patents.

In its response brief, Magna disputes many of Dura's allegations and argues that the deposition testimony at the time of the motion does not support Dura's allegations. In resolving this motion to amend the Complaint, the Court is neither deciding the merits of this case nor deciding a motion for summary judgment. Dura will later have to prove its case against the Magna Exterior and Interiors entities at trial or produce sufficient evidence in response to any summary judgment motion. While a motion for leave to amend may be denied based on "futility", the motion can only be denied if the complaint as amended could not withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See, e.g., Riverview Health*

*Inst. LLC v. Medical Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010). To state a claim for relief, a plaintiff is not required under the Federal Rules of Civil Procedure to set out in detail the facts upon which he bases his claim, but, according to Rule 8, must only make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. However, the complainant's factual allegations must be enough to raise a right to relief above speculative level and state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). "In addition, when ruling on a motion to dismiss, a judge must accept as true all factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Again, while Dura failed to submit a proposed amended complaint according to Local Rule 15.1, it is clear that Dura has alleged that Magna Exterior and Interior controlled the Engineered Glass Divisions which were primarily responsible for allegations in the Complaint. Based on the above allegations and other allegations in Dura's motion, the Court finds that Magna has not established futility of the amendment. Dura will have an opportunity to develop facts supporting its claims through discovery. Magna will be free to challenge Dura's theories at the summary judgment and trial stages of this case.

## VI. CONCLUSION

For the reasons explained above, the Court **GRANTS** Plaintiff's Motion to Add Additional Defendants and Change the Case Caption. Dura shall file an amended Complaint within 10 days which shall set forth well pled facts establishing a plausible right to recovery

against the Magna Exterior and Interior entities.

**IT IS SO ORDERED.**


Dated:   April 5, 2011                             s/ Sean F. Cox
                                                   Sean F. Cox
                                                   U. S. District Judge


I hereby certify that the above document was served on counsel and/or the parties of record by electronic means.

Dated:   April 5, 2011                             s/ Jennifer Hernandez
                                                   Case Manager